IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Aureflam Corporation,<br><br>        Plaintiff,<br>  v.<br><br>Pho Hoa Hiep Inc., et al.,<br><br>        Defendant(s). | NO. C 04-03824 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff Aureflam ("Plaintiff" or "Aureflam") brings this action against Defendants and Counterclaimants Pho Hoa Hiep, Inc., Pho Hoa Hiep I, Inc., Pho Hoa Hiep II, Inc., Pho Hoa Hiep IV, Inc., Pho Hoa Hiep V, Inc., Lieu Tran, Danh Tran, Son Huynh, Phong Huynh, Liem Le, and Linh Nguyen (collectively "Defendants") for, inter alia, violating the Lanham Act. Defendants filed counterclaims seeking cancellation of Aureflam's PHO HOA trademark and damages. On March 14, 2005, this Court granted Aureflam's previous motion to dismiss with leave to amend. Defendants then filed a Second Amended Answer and Counterclaims.

Presently before the Court is Aureflam's Motion to Dismiss the Second Amended Counterclaims for failure to comply with the heightened pleading standard for fraud as required by Rule 9(b). Alternatively, Aureflam moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). A hearing was held on June 20, 2005. For the reasons set forth below, Plaintiff's Motion to Dismiss is GRANTED with leave to amend.

## II. BACKGROUND

On September 10, 2004, Aureflam filed this lawsuit alleging that Defendants violated the Lanham Act (15 U.S.C. §§ 114 and 1125) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 and 17500). Aureflam's complaint alleges that Aureflam is the owner of federal trademark registration PHO HOA service mark in the field of "restaurant services" in International Class 42. The complaint further alleges that Aureflam has been operating restaurants serving Vietnamese style cuisine under the name PHO HOA since 1986. Aureflam officially registered with the United States Patent and Trademark Office ("PTO") the PHO HOA service mark on November 19, 1996 (Registration No. 2,017,091). On September 22, 2004, Aureflam filed its incontestability affidavit with the PTO for the PHO HOA service mark.

Defendants admit they operate Vietnamese-style restaurants under the names "Pho Hoa Hiep, Inc.," "Pho Hoa Hiep I, Inc.," "Pho Hoa Hiep II, Inc.," and "Pho Hoa Hiep V, Inc." at several Northern California locations, including Daly City, Oakland, San Francisco, and Concord. On October 13, 2004, Defendants filed an answer denying Aureflam's claims and asserting counterclaims seeking cancellation of Aureflam's PHO HOA mark based upon fraud and damages. On November 8, 2004, Aureflam moved to dismiss these counterclaims for failing to meet the heightened pleading standard for fraud as required by Fed. R. Civ. P. 9(b). Defendants did not file a reply to Aureflam's motion to dismiss. Instead, Defendants filed an Amended Answer and Counterclaims against Aureflam on November 22, 2004. On December 9, 2004, the Court issued an order deeming as moot Aureflam's motion to dismiss.

Aureflam then filed a motion to dismiss Defendants' Amended Answer and Counterclaims. This Court granted that motion to dismiss on March 14, 2005. Defendants filed a Second Amended Answer and Counterclaims on March 28, 2005. Aureflam now seeks dismissal of Defendants' Second Amended Answer and Counterclaims, contending that the amended counterclaims still do not comply with the heightened pleading standard for fraud as required by Fed. R. Civ. P. 9(b). Alternatively, Aureflam moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

//

### III.  STANDARDS

**A.     Motion to Dismiss**

In ruling upon a motion to dismiss, this Court must accept all well pleaded allegations of material fact as true and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).  A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

There is a heightened pleading standard for fraud pursuant to FED. R. CIV. P. 9(b).  A pleading is sufficient if it "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  But "mere conclusory allegations of fraud are insufficient."  Id.

A counterclaim may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds Co., 749 F.2d 530, 534 (9th Cir. 1984).  As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion ... is viewed with disfavor and is rarely granted."  Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).  But failure to cure previous defects or failure to comply with a previous order granting leave to amend may be grounds for dismissal.  Yourish v. California Amplifier, 191 F.3d 983, 988 (9th Cir. 1999); but see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (limiting Yourish to circumstances in which plaintiff, given opportunity to amend, did nothing and wasted court's resources).

**B.     Motion for More Definite Statement**

A motion for more definite statement, like a motion to dismiss for failure to state a claim, is viewed with disfavor and is rarely granted. Cellars v. Pacific Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."  Federal

1  Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D.Cal. 1988) (citing Famolare
2  Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

## IV.  DISCUSSION

This Court's Order granting Aureflam's previous motion to dismiss laid out the deficiencies in Defendants' two counterclaims.  (3/14/05 Order.)  The Court analyzed the sufficiency of Defendants' first counterclaim for trademark fraud pursuant to the four elements set forth in Intellimedia Sports. See Intellimedia Sports Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203, 1206 (T.T.A.B. 1997). Defendants, for their second counterclaim for damages, also needed to articulate how they were proximately damaged by the allegedly fraudulent trademark registration.  (3/14/05 Order at 8.) The Court follows the same four elements articulated in Intellimedia Sports to examine Defendants Second Amended Counterclaims.

**A.   Defendants Have Satisfied Two Of The Four Elements Of Trademark Fraud In Their First Counterclaim, and Have Satisfied The Pleading Requirement For Damages In Their Second Counterclaim.**

### 1.   Defendants' First Counterclaim: Trademark Fraud By Aureflam

In alleging that a registrant's application for trademark registration was executed fraudulently, the counterclaimant must allege particular facts which, if proven, would meet four conditions.  The first two are: 1) there was in fact another use of the same, or a confusingly similar mark at the time the oath was signed; and 2) the other user had legal rights superior to the applicant's.  Intellimedia Sports, 43 U.S.P.Q.2d at 1206.  Defendants' first counterclaim meets both of these requirements.  Defendants allege that there were other users of the PHO HOA mark and that those other users had legal rights superior to Plaintiff's rights at the time of registration because of prior use.  (Defs. Second Am. Answer and Countercl. at 8 ¶ 2-3.)  The claim at issue in Intellimedia Sports merely stated that "there was, in fact, another use of the same or confusingly similar mark" and that "the other user ... had legal rights superior to that of the Registrant."  43 U.S.P.Q.2d at 1205.  Thus, although the petition for cancellation did not specifically identify the "other user" by name, the Trademark Trial and Appeal Board (TTAB) found the petition to be sufficient.  In this case, Defendants' counterclaim is nearly identical, and even goes further to include prior use as the basis for superior legal rights of other

4

users. This is sufficient to satisfy the Rule 9(b) fraud pleading standard for these first two elements.

**2.      Defendants' Second Counterclaim: Damages For Alleged Fraudulent Registration**

Defendants' second counterclaim articulates a basis for how they were proximately damaged by the purportedly fraudulent registration. Defendants claim that, "among other things," PHO HOA's presence on the Principal Register allows Aureflam to "engage in nonmeritorious or bad faith litigation against defendants." (Second Am. Answer and Countercl. at 9 ¶ 7.) A challenger "must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled." Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 735 F.2d 346, 349 (9th Cir. 1984). But proof of actual damages is "only relevant, not requisite" and "a party can still have a reasonable belief that he will be legally damaged" even if he would only suffer, at most, nominal damages. Id. As alleged, Defendants have met the pleading standard for proximate damages.

**B.      Defendants' First Counterclaim Fails To Satisfy The Third and Fourth Elements Required To Plead Trademark Fraud.**

The third and fourth elements under the Intellimedia Sports standard are: 3) the applicant knew that other user had superior legal rights, and either believed that a likelihood of confusion would result from the applicant's use of mark or had no reasonable basis for believing otherwise; and 4) the applicant, in failing to disclose the first three elements, intended to procure a registration to which it was not entitled. Intellimedia Sports, 43 U.S.P.Q.2d at 1206. Even though Rule 9(b) states "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally," Defendants, like the appellant in Intellimedia Sports, have "not stated with sufficient specificity the factual bases for [their] allegations" regarding the third and fourth elements of the claim. Id.

Defendants allege that Plaintiff: knew other restaurants were using marks identical or confusingly similar, knew that the restaurants had superior legal rights because of use before Plaintiff, and believed that a likelihood of confusion would result or had no reasonable basis for believing otherwise. (Defs. Second Am. Answer and Countercl. at 8 ¶ 3.) However, this is insufficient to establish that *Plaintiff* believed, or had no reasonable basis not to believe, that another had superior

5

1 or clearly established rights in the mark.  See Intellimedia Sports, 43 U.S.P.Q.2d at 1207; see also
2 Moore, 885 F.2d at 540 (mere conclusory allegations of fraud are insufficient).  Defendants did not
3 make clear the names of the restaurants that were supposedly using marks identical or confusingly
4 similar in its counterclaim.  The allegation that unnamed "others" used the mark before Plaintiff, even
5 if true, is insufficient to show that the marks and services were really "identical or confusingly
6 similar."  During oral argument, Defendants' counsel alleged that Defendants do know the names of the
7 restaurants that used the mark before Plaintiff and would be able to name them in the answer and
8 counterclaims.  For this reason, the Court believes that granting Defendants leave to amend is
9 appropriate.

10 Moreover, Defendants' second amended fraud counterclaim do not plead any particular fact
11 that, if proven, would show Aureflam knew of the other user's *superior* or clearly established legal
12 rights.  Defendants' conclusory allegation that other "restaurants used the mark in commerce before
13 plaintiff" does not establish that Aureflam knew other users had superior legal rights, and does not
14 establish that Aureflam's use of the mark would lead to a likelihood of confusion or that it had no
15 reasonable basis for believing otherwise.  Intellimedia Sports, 43 U.S.P.Q.2d at 1207.  Aureflam
16 could still have had a good faith belief in its entitlement to the mark at the time of registration, even if
17 some unnamed others allegedly used or claimed rights in the mark.  Id.  Defendants allege no facts, on
18 the face of their fraud counterclaim, that cause this Court to question the reasonableness of Aureflam's
19 belief regarding rights over the mark.  Because Defendants have failed to sufficiently plead the third
20 element of the claim, a fortiori, Defendants have also failed to sufficiently plead the fourth element,
21 i.e., that Aureflam intended to procure a registration to which it was not entitled.  Id. at 1208.

22 Defendants also allege that Aureflam knew that PHO HOA was the name of a famous
23 restaurant in Vietnam operating since the 1950s, that the mark was "famous among a substantial
24 percentage of consumers in the relevant American market," and that consumers in the relevant
25 American market were "likely to be confused into thinking that they were patronizing the same source
26 as the famous PHO HOA restaurant" located in Vietnam.  (Second Am. Answer and Countercl. at 8 ¶
27 4.)  The territoriality principle in trademark law grounds priority of rights on use in United States, not
28 on use anywhere in the world.  But there is a famous-mark exception to the territoriality principle,

6

which would give a foreign user rights in the United States under certain conditions. See Grupo Gigante S.A. de C.V. v. Dallo & Co., 391 F.3d 1088, 1094 (9th Cir. 2004). The famous-mark exception requires that the mark has achieved secondary meaning in the area where the foreign user asserts protection; in addition, a "*substantial* percentage of consumers in the relevant American market" must be familiar with the foreign mark. Id. at 1098.

Assuming they rely on the famous-mark exception to the territoriality principle, Defendants do not allege that the mark achieved secondary meaning in the area where the foreign user seeks to assert protection. Defendants do not even identify what area is relevant for their claim. Even assuming the mark, as Defendants allege, was "famous among a substantial percentage of consumers in the relevant American market," the mark must still have achieved secondary meaning in the first place. Id. at 1096 (requiring that the mark has acquired secondary meaning by demonstrating that it has come to identify a particular brand of store). Consumer familiarity with a PHO HOA restaurant in Vietnam is insufficient to demonstrate that consumers identify PHO HOA's particular brand in the United States with that same restaurant in Vietnam. Since Defendants do not allege that the mark has achieved secondary meaning in the United States, the famous-mark exception to the territoriality principle is inapplicable on the face of Defendants' fraud counterclaim.

## V. CONCLUSION

For the foregoing reasons, Aureflam's Motion to Dismiss Defendants' Second Amended Answer and Counterclaims is GRANTED. The Defendants are given ten (10) days from the date of this Order to file a third amended answer and counterclaims.

Dated: June 27, 2005                    /s/ James Ware
                                        JAMES WARE
                                        United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Craig Alan Hansen chansen@gormanmiller.com
Duy Thai duy@duythai.com
John C. Gorman jgorman@gormanmiller.com
L. Jay Pedersen jpedersen@bledsoelaw.com
Michelle M. Yoshida myoshida@bledsoelaw.com
Tiep D. Nguyen tdn15@yahoo.com

**Dated: June 27, 2005**                                    **Richard W. Wieking, Clerk**

                                                            **By:  /s/ JW Chambers**
                                                                **Ronald L. Davis**
                                                                **Courtroom Deputy**

**United States District Court**
For the Northern District of California