**\*E-FILED 8/18/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUREFLAM CORPORATION,<br><br>          Plaintiff,<br>v.<br><br>PHO HOA HIEP, INC., ET AL.,<br><br>          Defendants. | NO. C 04-03824 JW (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS** |

## I. INTRODUCTION

This is a trademark infringement action in which plaintiff Aureflam Corp. challenges defendants' use of the mark "Pho Hoa" in the operation of several Vietnamese restaurants. Aureflam moves to compel defendants to produce additional documents and seeks sanctions. The motions were fully briefed and were heard on August 16, 2006. For the reasons set forth below, the motion to compel will be granted and the motion for sanctions will be denied.

## II. BACKGROUND

Aureflam served the disputed document requests on June 10, 2005. Defendants served a timely written response and produced some documents at that time. During the months that followed, the parties engaged in protracted meet and confer communications, and defendants continued to produce additional documents from time to time. Defendants represent that they have always been willing to cooperate and to continue providing documents and expressed surprised that these motions were filed. From Aureflam's point of view, these motions became necessary in light

of defendants' ongoing delays and their failure to honor promises made in the meet and confer process as to when documents would be forthcoming.[1]

### III. DISCUSSION

A. Motion to Compel.

Defendants suggest that the motion to compel be denied on grounds that it could have been avoided through further meet and confer efforts and because they are now completing the production of documents. The record shows, however, that defendants were standing on objections and *refusing* to produce documents in certain categories until after the motion was filed (e.g. Request Nos. 5, 7, and 16). Furthermore, even though defendants had abandoned all objections by the time of the hearing, they conceded that the production was still incomplete. Accordingly, the motion to compel will be granted in whole. Defendants shall produce any remaining responsive documents in their possession, custody or control within twenty days of the date of this order.

The record also reflects instances where defendants located documents after initially advising Aureflam that none existed, and one instance where a plainly responsive document was "overlooked" (i.e. the lease for one of the handful of restaurant locations that are the subject of this action). Under these circumstances, defendants will be required to provide to Aureflam a declaration from an authorized corporate representative certifying that diligent efforts have been made to locate all responsive documents and that all such documents located have been produced. The declaration shall also be served within twenty days of the date of this order.

B. Motion for Sanctions

The discovery rules and the meet and confer requirements are designed to produce a system that minimizes the need for court involvement in the process. Parties are expected to comply with their production obligations in a timely manner not for fear of sanctions, but because it is their legal obligation to do so. Guidance from the Court may be needed where reasonable people could disagree over the appropriateness of particular discovery or the applicability of a privilege, but

---

[1] Notably, defendants' opposition represented they were "now in possession" of certain documents that would be produced, but they still had not produced them as of the date of the hearing, three weeks later.

counsel should be aware of, and fulfil, their obligation to provide timely responses without a specific court order.

Here, defendants failed to act with sufficient diligence until after the motion was filed, and even then appear not to have produced at least some of the remaining documents as promptly as would have been possible. Nevertheless, in light of the fact that at least some of the delays appear to have resulted from the departure of the associate who was originally handling the matter, and in light of counsel's apparent subjective belief that the meet and confer process was ongoing with no firm deadlines, the motion for sanctions will be denied. Counsel is cautioned that the rules provide specific timelines for responding to discovery and that delays of this nature are not acceptable regardless of whether the propounding party sets "firm deadlines" during meet and confer discussions.

## IV. CONCLUSION

The motion to compel is granted and the motion for sanctions is denied, as specified above.

IT IS SO ORDERED.

Dated: August 18, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 04-03824
3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

John C. Gorman     jgorman@gormanmiller.com

Craig Alan Hansen     chansen@gormanmiller.com

Tiep D. Nguyen     tdn15@yahoo.com,

L. Jay Pedersen     jpedersen@bledsoelaw.com

Deborah F. Sirias     Sirias@lbbslaw.com, Migas@lbbslaw.com

Duy Thai     duy@duythai.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/18/06**                                                      **Chambers of Judge Richard Seeborg**

                                                                          **By:        /s/ BAK**

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 04-03824

4